Case 2:15-cv-00087   Document 18   Filed in TXSD on 08/25/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ILDA IRENE AGUILAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-87 |
| | § | |
| CAROLYN W COLVIN, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Complaint (D.E. 1), seeking relief from the negative disability determination of Acting Commissioner of Social Security, Carolyn W. Colvin. On August 3, 2016, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R, D.E. 16), recommending that the Administrative Law Judge's (ALJ's) decision be affirmed and that Plaintiff's cause of action therefore be dismissed. Plaintiff timely filed her objections (D.E. 17) on August 17, 2016.

First,[1] Plaintiff objects to the entirety of the Magistrate Judge's efforts, incorporating by reference Plaintiff's original briefing. Such an objection does not meet the specificity requirements of 28 U.S.C. § 636, by which Plaintiff must point out the precise error apparent in the M&R. Instead, Plaintiff's objection complains only of error in the ALJ's analysis, with the effect of eliminating the judicial efficiency of the referral to the Magistrate Judge. The Court **OVERRULES** Plaintiff's first, blanket objection.

---

[1] Plaintiff sets out a single objection. However, it is compound and the Court has separated out its elements for appropriate consideration.

Second, Plaintiff argues that the Magistrate Judge's recommendation is erroneous because "the substantial evidence of record supports a finding that Plaintiff [is disabled]." (D.E. 17, p. 2). Plaintiff's argument misapplies the standard of review. The question for this Court is not whether *Plaintiff's* claims are supported by substantial evidence. The question for this Court is whether the *Commissioner's* determination is supported by substantial evidence. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *see also Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)("The decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."). Substantial evidence is more than a mere scintilla of evidence but less than preponderance. *Id.* (*citing Ripley v. Charter*, 67 F.3d 552, 555 (5th Cir. 1995)). "The court does not reweigh the evidence in the record, try the issue de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Id.* (*citing Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

Plaintiff states that the ALJ's finding is unsupported because there is evidence of "undersurface tears of the posterior horns of her lateral and medial meniscuses, degenerative joint disease, and bilateral carpal tunnel syndrome." (D.E. 17, p. 2). Plaintiff points only at the evidence that favors her cause, and fails to address the ample evidence that undermines it—discussed at length in the M&R. Plaintiff altogether ignores the fact that the Magistrate Judge found the ALJ based his opinion on credible medical, testimonial, and documentary evidence and was entitled to make credibility

determinations adverse to Plaintiff. She also ignores the fact that an adverse disability decision may be rendered even if there is some evidence of pain or injury. The question is whether Plaintiff is able to work. Plaintiff's request that this Court re-weigh the evidence is rejected. *Carey*, 230 F.3d at 135. Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff complains of the Magistrate Judge's conclusion that the ALJ did not err by relying on the opinions of non-examining state agency physicians. The gravamen of the complaint is that the non-examining physicians formed their opinions in December 2012 and March 2013, respectively, based on Plaintiff's medical records. (D.E. 14, pp. 9-10). Because of their timing, the physicians rendered their opinions without reference to Plaintiff's March 2013 knee MRI, which showed an "undersurface tear of the medial and lateral meniscus with a small joint effusion." (D.E. 14, p. 10).

Plaintiff overlooks the fact that the ALJ considered evidence that both predated and postdated the MRI. (D.E. 12-3, p. 17) ("Although the claimant's MRI of her left knee from March 14, 2013, showed that she had undersurface tears meniscus with small joint effusion, her more recent treatment notes show intact knee function."). As noted by the Magistrate Judge, the ALJ properly considered all of the evidence—including the MRI and subsequent medical records, and Plaintiff has failed to demonstrate that reference to the opinions of the state agency physicians constitutes error. Accordingly, Plaintiff's third objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as

Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **AFFIRMS** the Commissioner's decision. Plaintiff's cause of action is **DISMISSED**.

ORDERED this 25th day of August, 2016.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE